UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNSYLVANIA TRANSFORMER TECHNOLOGY, INC., a Pennsylvania corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE CHARTER OAK FIRE , a Connecticut corporation; and DOES 1-100, inclusive,<br><br>                                    Defendant. | Case No.: 3:22-cv-00611-JAH-AHG<br><br>**ORDER DENYING CHARTER OAK FIRE INSURANCE'S MOTION TO DISMISS PUNITIVE DAMAGES**<br><br>**(ECF No. 4).** |

### I. INTRODUCTION

Pending before the Court is Defendant The Charter Oak Fire Insurance Company's ("Defendant" or "Charter Oak") motion to dismiss Pennsylvania Transformer Technology, Inc.'s ("Plaintiff" or "PTTI") request for punitive damages. ("Mot.", ECF No. 4). Plaintiff filed a response in opposition to the motion, ("Opp'n.", ECF No. 5), and Defendant filed a reply, ("Reply", ECF No. 7). The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1.d.1. Having carefully considered the motion, responses, and for the reasons set forth below, Defendant's motion is **DENIED**.

///

## II. BACKGROUND[1]

In an Underlying Action which commenced on November 30, 2018, Imperial Irrigation District ("IID"), an electrical power business, sued Plaintiff's subsidiary, Pennsylvania Breakers, LLC ("PAB"), for the sale and installation of allegedly defective circuit breakers. ("Compl.", ECF No. 1-2, Ex. 1 ¶ 17). Plaintiff had taken over the "warranty obligations of PAB with respect to maintenance and repair of the reported problems with the circuit breakers," and IID alleged that Plaintiff's "efforts . . . caused or exacerbated property damage to the circuit breakers and adjacent assemblies." (*Id.* ¶ 15). Plaintiff and PAB were both insured by Defendant, and Plaintiff alleges Defendant had a duty to defend and indemnify Plaintiff in any suit pursuant to the provisions of their respective policies and applicable law. (*Id.* ¶¶ 16, 20). Ultimately, Defendant agreed it had a duty to defend Plaintiff, but stated it had no duty to indemnify Plaintiff or fund any settlement in the underlying action. (*Id.* ¶ 27). Plaintiff eventually settled the underlying action with IID. (*Id.* ¶ 29).

On February 10, 2022, Plaintiff filed the instant action in the Imperial County Superior Court against Defendant for unreasonably withholding policy benefits. (*See generally* Notice of Removal, Ex. 1). Plaintiff asserts two causes of action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff alleges that Defendant "unreasonably refused . . . to defend" Plaintiff in the Underlying Action after repeated demands to do so in accordance with the insurance policy. (Compl. ¶ 23). Specifically, Plaintiff asserts the claim in the underlying action was covered by the insurance policies and Defendant acted in bad faith when it unreasonably and wrongfully denied coverage and refused to reimburse Plaintiff towards the settlement of the Underlying Action. (*Id.* ¶¶ 30, 32-34). Plaintiff further asserts that Defendant's denial of

---

[1] The following is a recitation of pleaded facts and is not to be construed as factual findings by the Court.

coverage was willful, malicious, intentional, and oppressive, stemming from improper or evil motives. (*Id.* ¶ 63).

      Defendant now moves to dismiss Plaintiff's request for punitive damages on the grounds that the allegations fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD[2]

"Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing 'to state a claim upon which relief can be granted.' " Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will

---

[2] The Parties do not dispute the appropriateness of the Federal Rule of Civil Procedure 12(b)(6) standard for dismissing Plaintiff's punitive damages claim. Nonetheless, the Court notes that courts within this district have grappled with the appropriateness of dismissing a prayer for relief as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) versus a motion to strike under Fed. R. Civ. P. 12(f). However, the Ninth Circuit has held that "an attempt to have certain portions of [plaintiff's] complaint dismissed or to obtain summary judgment against [plaintiff] as to those portions of the suit [is] is better suited for a Rule 12(b)(6) motion or a Rule 56 motion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). As such, the Court finds that based on the instant motion, the Rule 12(b)(6) standard is appropriate.

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV. DISCUSSION

1. Pleading Standard

As a threshold matter, the Parties dispute the applicability of *Twombly* and *Iqbal* to a prayer for punitive damages. Defendant argues the Complaint sets forth no specific factual allegations to support a punitive damages award, as required by *Twombly* and *Iqbal*. (Mot. at 9-10). Plaintiff's opposition as to this issue is two-fold: first, Plaintiff argues that courts in the Southern District have declined to extend the pleading standard set out in *Twombly* and *Iqbal* to a prayer for punitive damages; second, Plaintiff argues that even if applicable, Plaintiff's Complaint meets the standard set out by *Twombly* and *Iqbal*.

As to Plaintiff's first point, although Plaintiff correctly observes that "district courts in the Ninth Circuit disagree over whether the pleading standards set out by *Twombly* and *Iqbal* may be used to dismiss a prayer for punitive damages[,]", (Opp'n at 10), Plaintiff nonetheless fails to cite to a case that makes such an express finding. Plaintiff relies on *Garcia v. United States*, No. 14cv1192-WQH-JLB, 2014 WL 3734480, at *2 (S.D. Cal. Jul. 28, 2014) and *Putini v. Blair Corp.*, No. 09-cv-2729-W(BLM), 2010 WL 1797019, at *2-3 (S.D. Cal. May 3, 2010). However, Plaintiff mischaracterizes the holdings in *Garcia*

1  and *Putini*. In *Garcia*, Judge Hayes acknowledged the disagreement amongst district
2  courts in their application of *Twombly* and *Iqbal* to punitive damages claims, but both Judge
3  Hayes and Judge Whelan *expressly reserved making a finding on this issue*, determining
4  instead that the allegations in the complaint are sufficiently plead to survive a motion to
5  dismiss.  *Garcia*, 2014 WL 3734480, *2; *Putini*, 2010 WL 1797019, *3. Plaintiff's
6  argument that Defendant "fail[s] to cite to any cases from the Southern District that have
7  held that the pleading standards set out in *Twombly* and *Iqbal* may be used to dismiss a
8  prayer for punitive damages, [and] it utterly ignores at least two cases from the Southern
9  District that have declined to do so[,]" is similarly unpersuasive. (Opp'n at 10). Plaintiff
10 "assume[s] an approach to federal pleading standards that is incongruous with the Supreme
11 Court's most recent decisions on the issue." *MCI Comm. Servs., Inc. v. Security Paving
12 Co., Inc.*, Case No. 1:15-CV-01940-LJO-JLT, 2016 WL 1436521, *4 (E.D. Cal. April 12,
13 2016). Because Federal Rule of Civil Procedure 8(a), which dictates federal pleading
14 standards, applies to both the "statement of the claim" and the "demand for relief sought"
15 applying *Twombly* and *Iqbal* to a claim for punitive damages harmonizes Supreme Court
16 case law with the Federal Rules of Civil Procedure. Accordingly, the Court finds that the
17 standards set forth in *Twombly* and *Iqbal* apply to Plaintiff's request for punitive damages
18 under California law. *See e.g., Rivin v. Patrick K. Willis Co., Inc.*, No. 2:20-cv-07431-
19 RGK-KS, 2020 WL 8365251, at *3 (C.D. Cal. December 4, 2020) ("[T]he Court agrees
20 that *Iqbal*'s and *Twombly*'s pleading requirements apply to claims for punitive damages.");
21 *Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. cv 09-9286 PSG (MANx), 2011 WL
22 13046844, at *5 (C.D. Cal. July 8, 2011) ("The inclusion of statutory language in a
23 Complaint without alleging corresponding facts cannot lift an insufficiently pleaded
24 complaint over the *Iqbal* and *Twombly* hurdles.").

25     2.     Plaintiff's Claim for Punitive Damages is Sufficiently Plead
26     California Civil Code § 3294(a) states a Plaintiff may recover punitive damages
27 "where it is proven by clear and convincing evidence that the defendant has been guilty of
28 oppression, fraud, or malice[.]" Cal. Civ. Code § 3294(a).

Defendant argues that the allegations in the Complaint are "largely recitations of its core contention that [Defendant] unreasonably denied coverage." (Mot. at 12). Defendant further argues that any specific allegations are limited to "two boilerplate, conclusory paragraphs that . . . summarize the elements of punitive damages." (*Id.*) The Complaint seeks punitive damages for a purported violation of a breach of the implied covenant of good faith and fair dealing. In assessing whether a plaintiff sufficiently alleges oppression, fraud, or malice, courts look to the definitions of those terms provided in § 3294:

> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.[3]

Cal. Civ. Code § 3294(c)(1)-(3).

Here, Plaintiff alleges that a violation of Plaintiff's rights occurred by Defendant's "refusals and denials . . . to provide coverage for [Plaintiff's] losses under the applicable policies[.]" (Compl. at ¶ 59). Plaintiff avers that Defendant's refusal to provide coverage "through their respective officers, directors and/or managing agents of their duties . . . was willful, malicious, intentional, and was done with the intent to oppress [Plaintiff] and with conscious disregard for [Plaintiff's] rights . . . . solely to satisfy their profit motives and corporate financial income objectives[.]" (*Id.*) Plaintiff further provides detailed allegations of Defendant's alleged violation of the covenant of good faith and fair dealing,

---

[3]   Plaintiff does not allege a cause of action for fraud. The specificity requirement of Rule 9(b) is not implicated in the Complaint.

(Compl. ¶¶ 58.a.-q.), which give rise to the request for punitive damages. Accepting the allegations as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds that the factual allegations in the Complaint are sufficient at this juncture of the proceedings to infer oppression and malice and puts Defendant on notice of the claims against them and the grounds on which those claims rest. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To the extent that Defendant attempts to advance an argument that Plaintiff must show with "clear and convincing evidence that the defendant acted with 'oppression, fraud, or malice[,]'", that argument is rejected. (Mot. at 11). California Civil Code 3294(a)'s requirement of "clear and convincing evidence" is an evidentiary requirement applicable at the summary judgment or trial phase—making such a determination at this juncture is premature. *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-cv-08930-MCS-KS, 2023 WL 1931328, *6 (C.D. Cal. Feb. 10, 2023); *Mitchell Rubber Products, LLC v. Verlan Fire Insurance Co.*, Case No. EDCV 21-1845 JGB (KKx), 2022 WL 17222233, *2 (C.D. Cal. Aug. 12, 2022). Additionally, and as further discussed above, unlike the plaintiff in *Cisneros v. Instant Capital Funding Group, Inc.*, 263 F.R.D. 595 (E.D. Cal. 2009)—a case which Defendant relies upon (Reply at 2-3)—Plaintiff's complaint is not devoid of "charging allegations of any wrongdoing by [Defendant] under the causes of action for which Plaintiff claims punitive damages." *Cisneros*, 263 F.R.D. at 611. As such, the Court finds at this stage in the proceedings, the allegations contained in the Complaint are sufficiently alleged, as required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

3.  Ratification

Finally, Defendant notes that under California law, a corporate entity is incapable of engaging in willful and malicious conduct. (Mot. at 12-13 (citing to Cal. Civ. Code § 3294(b))). As such, Defendant argues Plaintiff offers no factual allegations of ratification

and does not identify by name any Charter Oak officers, directors, or managing agents that ratified the alleged misconduct. (Mot. at 13).

As related to the request for punitive damages, Plaintiff's Complaint asserts generic statements of ratification "that the respective officers, directors and/or managing agents and/or employees of Defendants, and each of them, participated in, authorized and/or ratified the wrongful conduct of said Defendants as alleged hereinabove." (Compl. at ¶¶ 59-60). Plaintiff asserts that at the pleading stage, "it is sufficient. . . to allege conduct by an officer or director or managing agent to support the request for punitive damages." (Opp'n at 15). Further, Plaintiff suggests, but does not explicitly state that the names at this stage are unknown. (*Id.* ("The names of said individual actors will undoubtedly be revealed during discovery.") Accepting the factual allegations in the complaint as true, and construing all inferences in favor of Plaintiff, the non-specific allegation of ratification by Charter Oak officers, directors, and/managing agent is sufficient. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("situations arise. . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's request for punitive damages is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 8, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE